## E. J. ASTON *v.* J. M. CRAIGMILES.

In our practice, the Judge below is not required to recapitulate the testimony given in on a trial before him a *second* time, although one of the parties may request it to be done.

It is no ground for a new trial, that the defendant's counsel made a mistake in admitting in the answer the existence of a certain contract, which mistake was not discovered until after the trial, and his Honor did right in refusing it.

(*State* v. *Lipsey*, 3 Dev. 485; *State* v. *Harvey*, 2 Dev. & Bat. 390; *Bailey* v. *Poole*, 13 Ired. 404, cited and approved.)

CIVIL ACTION, on a stated contract, tried at the July (Special) Term, 1873, of BUNCOMBE Superior Court, before *Albertson, J.*

In his complaint, the plaintiff alleged that the defendant owed him a commission of five *per cent.* upon the sale of a certain tract of land, amounting to $375, according to the terms of a written contract, fully set out in the complaint.

The contract was admitted in the answer, but it was therein charged, that it had been rescinded and ended several months before the sale of the land upon which commissions are claimed.

Upon this issue thus raised by the pleadings, the parties went to trial.

His Honor stated the evidence to the jury and charged, that if they should find that the contract had been rescinded or revoked by the parties, the plaintiff could not recover.

As the jury was about to retire, the case states, the defendant asked the Court to instruct the jury, that if they found the contract had been rescinded, they should find for the defendant. His Honor remarked that the instructions asked for, had been given, and again gave the charge, but without again repeating the testimony in the case.

The jury returned a verdict for the plaintiff, and the defendant moved for a new trial upon the following grounds, to-wit:

1. Because the Court failed to recite the testimony upon the rescission of the contract, a *second* time, when his Honor's attention was called to it.

2. The defendant alleged, and offered to make affidavit, that his counsel had made a mistake in admitting in the answer, the contract as set up in the complaint to have been made by the defendant; that the agent of the defendant, one Atkinson, had no authority to make such a contract for him, but one of a different nature, and that he had never authorized the contract named in the complaint or assented to the same, though Atkinson had made the contract as charged. Defendant also offered to make affidavit that the mistake was not discovered by him until after the trial of the case.

There was no intimation of any such defence, or of the existence of such a state of facts, until after the trial was over, and it was mentioned for the first time, upon the motion for a new trial; and the defendant's exception to the charge of the Court was first taken when the motion was made.

The Court refused the motion for a new trial, and gave judgment in accordance with the verdict, from which judgment defendant appealed.

*Fuller & Ashe*, for appellant.
*J. H. Merrimon*, contra.

READE, J. The first exception to his Honor's charge is, that he failed to recite the testimony upon the rescission of the contract a *second time*, when his attention was called to it.

It is the duty of the Judge "to state in a full and correct manner the evidence given in the case." Rev. Code, ch. 31, sec. 130. But he need state only such parts and so much as is necessary to aid the jury in passing upon the issues submitted. *State* v. *Lipsey*, 3 Dev. 485 ; *State* v. *Harvey*, 2 Dev. & Bat. 390 ; *Bailey* v. *Poole* 13 Ire. 404. All this we are to assume his Honor did ; indeed, it is stated in the case that he did. The exception that he did not recapitulate the testimony a *second* time is of the first impression in our practice. The exception is not favored.

After the verdict for the plaintiff, the defendant moved for a new trial upon the ground that his counsel had made a mistake in admitting in the answer that such a contract ever existed, and that he had not discovered the mistake until after the trial. This he offered to show by his own affidavit. His Honor refused a new trial, and the defendant excepted. If the alleged mistake had been satisfactorily proved, still his Honor might well have refused a new trial in the exercise of his discretion, because mistakes or want of skill, or other faults of attorneys in the management of cases are not always excusable, and must usually be at the expense of *their* clients, and not of the clients on the other side. And certainly it was considerate in his Honor in this case not to rely upon the proffered affidavit of the defendant himself, after he had admitted in his answer that there was such a contract, but alleged that it had been rescinded, and upon the trial made no issue except upon the rescission. We do not think it necessary to enter into the discussion of the question whether the refusal to grant a new trial for the cause assigned was discretionary with his Honor, or whether we can review him, because, if discretionary, it is fatal to the defendant, having been exercised against him, and if subject to our review, we agree with his Honor.

There is no error. Judgment will be entered here for plaintiff.

PER CURIAM.                    Judgment affirmed.